UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.: 1:23-CV-128-KAC-CHS |
| JIM HAMMONDS, DEPUTY COX, and HAMILTON COUNTY JAIL, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

Prisoners Michael Ford and King Allah James attempted to jointly file a civil rights action under 42 U.S.C. § 1983 [Doc. 2]. The Court previously dismissed James without prejudice after concluding that Ford and James could not proceed jointly [*See* Doc. 4 at 1-3]. The Court instructed James that if he "does desire to proceed in a separate Section 1983 action, he must (1) file a Section 1983 complaint that he personally signed, containing a short and plain statement of his claims, and (2) either (a) pay the $402.00 filing fee or (b) submit a proper application to proceed *in forma pauperis*" [*Id.* at 3]. The Court also directed the Clerk to forward James the appropriate documents to file an individual Section 1983 action [*Id.*]. James did not return those documents to the Court or otherwise file his own Section 1983 complaint. Instead, he filed a (1) "Reconsideration of Dismissal of Joinder" [Doc. 7] and (2) motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration [Doc. 7] and **DIRECTS** the Clerk to open a new civil action for James.

Under Federal Rule of Civil Procedure 54(b), the Court has authority to "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*

*v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *See Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

James argues that he (1) prepared the Complaint filed in this action, (2) forgot to sign the Complaint, and (3) desires "to proceed as joinder in this case" [Doc. 7 at 1-2]. However, this Court has already determined that joinder is not appropriate in this case [*See* Doc. 4 at 2-3]. And James does not challenge that legal determination. Therefore, no basis exists to grant James's request. The Court, accordingly, **DENIES** his motion for reconsideration [Doc. 7].

However, by filing these documents, James has indicated that he wishes to pursue a case under 42 U.S.C. § 1983 using the Complaint previously filed in this action. Accordingly, the Court **DIRECTS** the Clerk to open a new civil action using the initial Complaint from this action [Doc. 2], James's motion to proceed *in forma pauperis* [Doc. 6], and a copy of this Memorandum and Order. The Court will thereafter address James's motion and Complaint in the newly-opened civil action.

Finally, once the new action is filed, the Court **ORDERS** James to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se Party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to

prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge