UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KING ALLAH JAMES, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:23-cv-175 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| JIM HAMMONDS, DEPUTY COX, and | ) | |
| HAMILTON COUNTY JAIL,[1] | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

This action was opened pursuant to an order from United States District Judge Katherine Crytzer (Doc. 3), after an inmate named Michael Ford initiated a separate lawsuit for violation of 42 U.S.C. § 1983 by filing a complaint with Plaintiff's name in the style but which only Mr. Ford signed (Doc. 1). Judge Crytzer dismissed Plaintiff from that lawsuit without prejudice. Plaintiff then filed a motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for reconsideration of Judge Crytzer's decision to dismiss him from the lawsuit, in which he indicated that he wished to proceed based on the complaint that Mr. Ford signed. (Doc. 3, at 1–2.)

As it appears from his motion for leave to proceed *in forma pauperis* that Plaintiff cannot pay the filing fee in one lump sum, that motion (Doc. 2) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309,

---

[1] The Clerk is **DIRECTED** to update the Court's docket sheet to indicate that Hamilton County Jail is the only jail named as a Defendant herein (Doc. 1, at 1).

Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

As the Court noted above, Plaintiff did not sign the complaint that initiated both this action and Mr. Ford's action (Doc. 1). Because of this, Plaintiff has not satisfied Rule 11(a) of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court. Accordingly, the Clerk is **DIRECTED** to send Plaintiff a copy of the last page of the complaint (*Id.* at 5). Plaintiff shall have fifteen (15) days from the date of entry of this order to return either a signed copy of the last page of the complaint or a signed amended complaint to the Court. If Plaintiff does not timely submit a signed copy of the last page of the complaint or a signed amended complaint in accordance with this order, the complaint (Doc. 1) will be **STRICKEN** from the record pursuant to Rule 11(a), and this matter will be dismissed without further warning.

Accordingly, for the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket sheet to indicate that Hamilton County Jail is the only jail named as a Defendant herein (Doc. 1, at 1);

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

3. Plaintiff is **ASSESSED** the $350 filing fee;

4. The custodian of Plaintiff's inmate account is **DIRECTED** to submit payments toward the filing fee in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this order to the Court's financial deputy and the custodian of Plaintiff's inmate account;

6. Plaintiff shall have fifteen (15) days from the date of entry of this order to return either a signed copy of the last page of the complaint or a signed amended complaint to the Court;

7. If Plaintiff does not timely submit a signed copy of the last page of the complaint or a signed amended complaint in accordance with this order, the complaint (Doc. 1) will be **STRICKEN** from the record pursuant to Rule 11(a), and this matter will be dismissed without further warning; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**