UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KING ALLAH JAMES, | ) | |
| --- | --- | --- |
| | ) | Case No. 1:23-cv-175 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| JIM HAMMONDS, DEPUTY COX, and | ) | |
| HAMILTON COUNTY JAIL, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

This action was opened pursuant to an order from United States District Judge Katherine Crytzer (Doc. 3), after an inmate named Michael Ford initiated a separate lawsuit for violation of 42 U.S.C. § 1983 by filing a complaint with Plaintiff's name in the style but which only Mr. Ford signed (Doc. 1). Judge Crytzer dismissed Plaintiff from that lawsuit without prejudice, and Plaintiff then filed a motion for leave to proceed *in forma pauperis* (Doc. 2). Plaintiff also filed a motion for reconsideration of Judge Crytzer's decision to dismiss him from the lawsuit, in which he indicated that he wished to proceed based on the complaint that Mr. Ford signed. (Doc. 3, at 1–2.)

This Court then entered an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and requiring Plaintiff to file an amended complaint or a signed copy of the last page of the original complaint (Doc. 4). Plaintiff responded to this order by filing a letter to the Clerk in which he (1) indicates that he wants to proceed herein by relying on the substance of the original complaint but against different Defendants and with different relief demands, and (2) notifies the Court that he was unable to file a grievance regarding the incident underlying the complaint.

(Doc. 6, at 1.) With this letter, Plaintiff filed a document setting forth his demands for relief (*id.* at 2), and a signed copy of the last page of the original complaint (*id.* at 3).

The Court therefore liberally construes Plaintiff's letter to the Clerk listing the different named Defendants he wants to sue (*id.* at 1), the substantive portion of the original complaint (Doc. 1, at 3–4), and Plaintiff's demands for relief and signature page (*id.* at 2–3) as Plaintiff's amended complaint. The Clerk is **DIRECTED** to assemble these pages in this order and docket them together as Plaintiff's amended complaint prior to docketing the instant memorandum opinion and the accompanying judgment order. However, for the reasons set forth below, Plaintiff's amended complaint fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED**.

**I.     SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under (28 U.S.C. §§ 1915(e)(2)(B) and 1915A) because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.    ALLEGATIONS

While Plaintiff was in the Hamilton County Jail, he saw an inmate named Cody experience a medical emergency, and Plaintiff and other inmates therefore tried to get jail officers' attention. (Doc. 1, at 3–4.) Defendant Deputy Cox eventually came to the door and called for medical staff. (*Id.* at 4.) "While waiting for the outcome[,] multiple inmates were at [the] door looking out and trying to get Cpl. Stolz['s] attention to let him know of Deputy Cox['s] slow response to the situation." (*Id.*) "[H]e"—presumably Deputy Cox—opened the pod door and "pointed his tazer at inmates[]" and directly at Plaintiff, which caused the inmates to fear for their lives and/or safety. (*Id.*)

When Plaintiff started explaining to Cpl. Stolz why the inmates were seeking his attention, Michael Ford began walking back to the door. (*Id.*) Deputy Cox looked at Plaintiff and Michael Ford and stated, "[Y]ou Qu[**]r Motherf[*****]s" while grabbing his crotch. (*Id.*) The inmates asked Cpl. Stolz to do something about Deputy Cox's statement and gestures, and Cpl. Stolz told Deputy Cox to "bag back" and "calm down." (*Id.*) In response, Deputy Cox began "bagging away" while holding his crotch and stating, "I'll beat your Qu[**]r a[**]es." (*Id.*)

Cpl. Stolz shut the cell door and questioned Deputy Cox. (*Id.*) The inmates heard Deputy Cox describe Cody as "Whitey." (*Id.*) A few days later, Deputy Cox returned to Plaintiff's pod, apologized for his behavior, and admitted that "he was a little out of line." (*Id.*)

Based on these allegations, Plaintiff has sued the Hamilton County Jail, Sherriff Austin Garrett, and Deputy Cox. (Doc. 6, at 1.) As relief, Plaintiff seeks two million dollars, discipline and/or termination of Deputy Cox, and housing outside of the Hamilton County Jail. (*Id.* at 2.)

## III. ANALYSIS

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### A. Deputy Cox

As set forth above, Plaintiff contends that Deputy Cox: (1) pointed his taser at inmates and directly at Plaintiff in a manner that caused them fear; (2) grabbed his crotch and called Plaintiff and another inmate names; (3) cursed at and threatened to beat Plaintiff and other inmates; and (4) referred to another inmate in a derogatory manner. (Doc. 2, at 4.) None of these allegations allow the Court to plausibly infer that Defendant Cox violated Plaintiff's constitutional rights.

First, to the extent that Plaintiff seeks to assert claims arising out of Defendant Cox's actions toward other inmates, he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

4

Also, Deputy Cox's use of slurs and vulgar and/or threatening language and gestures does not rise to the level of a constitutional violation. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude") (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002)); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue). Plaintiff's assertion that Deputy Cox pointed his taser at Plaintiff and other inmates does not change this conclusion. *Cozart v. Spangler*, No. 3:23-CV-00031, 2023 WL 2992177, at *3 (M.D. Tenn. Apr. 18, 2023) (finding that, "in this Circuit, a pretrial detainee cannot prevail on an excessive force claim when an officer makes a verbal threat of physical harm without using force, even if the officer brandishes a weapon such as a taser while making the threat." (citing *Evans v. Plummer*, 687 F. App'x 434, 443 (6th Cir. 2017) for its statement that "(the Sixth Circuit) has never found that pointing a taser, as opposed to actually discharging one, constitutes the use of excessive force.")).

Plaintiff's complaint therefore fails to state a claim upon which § 1983 relief may be granted as to Deputy Cox.

### B. Hamilton County Jail

While Plaintiff has named the Hamilton County Jail as a Defendant, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 238 F.3d 422, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983."). And Plaintiff's complaint does not suggest that any custom or policy of Hamilton

5

County caused a violation of his constitutional rights, such that this municipality could be liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). As such, Plaintiff's Complaint fails to state a claim as to the Hamilton County Jail, and the Court will not liberally construe the Complaint as against Hamilton County itself.

### C. Defendant Garrett

While Plaintiff has sued Sherriff Garrett, he does not set forth any facts indicating that this Defendant was personally involved in any of the acts underlying his complaint. Thus, the complaint also fails to state a claim upon which relief may be granted under § 1983 as to this Defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to assemble Plaintiff's letter to the Clerk listing the named Defendants he wants to sue (Doc. 6, at 1), the substantive portion of the original complaint (Doc. 1, at 3–4), and Plaintiff's demands for relief and signature page (*Id.* at 2–3) together and docket them as Plaintiff's amended complaint prior to docketing the instant memorandum opinion and the accompanying judgment order;

2. Plaintiff's amended complaint fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**